ORIGINAL

SEALED

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

# IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

2017 OCT 10  AM 9: 52

DEPUTY CLERK _____

| | |
|---|---|
| KEMPER CORPORATE SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. **3:17 - CV 2769 - N** |
| | ) |
| COMPUTER SCIENCES CORPORATION and | ) |
| DXC TECHNOLOGY COMPANY, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO CONFIRM ARBITRATION AWARD

Pursuant to Sections 9 and 13 of the Federal Arbitration Act, 9 U.S.C. §§ 9, 13 ("FAA"), Kemper Corporate Services, Inc. ("Kemper") hereby moves this Court for an order confirming and entering judgment consistent with the Partial Final Award dated October 2, 2017, which was issued in an arbitration proceeding administered by the American Arbitration Association (the "AAA") before a sole arbitrator, Stephen S. Strick, styled *Kemper Corporate Services, Inc. v. Computer Sciences Corporation,* Case No. 01-15-0005-2283 (the "Arbitration").

In support of this motion, Kemper submits the Declaration of Paul E. Veith ("Veith Decl.") (*See* Appendix in Support of Motion to Confirm Arbitration Award ("App.") 1-5), and states as follows:

### PARTIES

1.      On January 2, 2009, Kemper (then known as Unitrin Services Company) and Computer Sciences Corporation ("CSC") entered into a Master Software License and Service Agreement (the "MSLSA").  App. 1-5, Veith Decl., ¶ 3; App. 6-36, MSLSA.

2.      Kemper is an Illinois corporation with its principal place of business in Illinois.

3.      CSC is a Nevada corporation with its principal place of business in Virginia.

4.     DXC Technology Company ("DXC") is a Nevada corporation with its principal place of business in Virginia.

5.     DXC was formed by the spin-off of the Enterprise Services business of Hewlett Packard Enterprise Company on March 31, 2017, and the subsequent merger of CSC with a wholly owned subsidiary of DXC on April 1, 2017.  Currently, DXC's stock is publicly traded on the New York Stock Exchange.

## JURISDICTION

6.     This is a motion to confirm an arbitration award.  The contractual provisions under which the arbitration was conducted provide that the arbitrator's decision "shall be final and binding upon all parties to the proceeding and may be entered by either party in any court having jurisdiction."  App. 6-36, MSLSA at  27, § 9.3(e).

7.     This Court has jurisdiction over the subject matter of this controversy based on the parties' diversity of citizenship.  28 U.S.C. § 1332.

8.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

9.     This Court has personal jurisdiction over both CSC and DXC, insofar as both CSC and DXC engage in continuous and systematic business activity in the district and the State of Texas, maintain a presence in the district and State of Texas, have engaged in specific activities related to the Arbitration in this district, and otherwise have sufficient minimum contact with the district and the State of Texas such that an exercise of personal jurisdiction would comport with principles of due process.

10.     Venue lies in this district under 28 U.S.C. § 1391 in that CSC and DXC are corporations amenable to personal jurisdiction in this district.  Venue is also proper under § 9 of the FAA, in that the arbitration hearing was held in Dallas, Texas, which is within this district.

## THE ARBITRATION PROCEEDING

11.     With some exceptions not relevant to this dispute, Section 9 of the MSLSA

prescribes the procedures to be followed for settling "all disputes arising out of or relating to this

[MSLSA and related agreements], or the breach thereof..." App. 6-36, MSLSA at 26, § 9.1.

12.     Section 9 of the MSLSA provides, *inter alia*, that in the event of a dispute, the

parties would first submit the dispute to a non-binding mediation session for up to two

consecutive days. *Id.*, App. 6-36, MSLSA at 27, § 9.2.

13.     On October 7 and 8, 2015, Kemper and CSC engaged in non-binding mediation in

Dallas, Texas. App. 1-5, Veith Decl., ¶ 4.  At the conclusion of the two-day session, the parties

agreed to continue the mediation until October 16, 2015 for the purpose of conducting further

discussions via telephone utilizing the services of the mediator. App. 37.  At the same time, the

parties agreed that the mediation in which they were then engaged satisfied the condition

(pursuant to MSLSA § 9.2) that mediation precede the commencement of any arbitration

proceeding. *Id.*

14.     The mediation did not result in resolution, and on October 19, 2015, Kemper filed

a Demand for Arbitration with the AAA alleging claims against CSC and seeking to recover

damages Kemper alleged it suffered as a result of a failed software development and

implementation project. App. 1-5, Veith Decl., ¶ 5.  On February 18, 2016, counsel for CSC

submitted CSC's First Amended Answering Statement and Counterclaim. *Id.*, ¶ 8.  On March 9,

2016, counsel for Kemper submitted its Answer to CSC's First Amended Answering Statement

and Counterclaim. *Id.*, ¶ 12.

15.     Section 9.3 of the MSLSA called for arbitration to take place in New York, New

York before a single arbitrator selected pursuant to a method agreeable to the parties.  App. 6-36,

MSLSA at 27, § 9.3(a)-(b).

16.     Pursuant to § 9.3(a) of the MSLSA, the parties agreed to a method for selection of

an arbitrator, which led to the appointment of Stephen S. Strick (the "Arbitrator") as the sole

arbitrator on January 21, 2016. *See* App. 1-5, Veith Decl., ¶ 6, App. 38-40.

17.     On February 9, 2016 and March 1, 2016, the Arbitrator conducted telephonic

preliminary hearings, and on March 3, 2016, the Arbitrator issued his Report of Preliminary

Hearings and Scheduling Order ("ROPHSO").  App. 1-5, Veith Decl., ¶¶ 7, 9-10, App. 41-54,

ROPHSO.

18.     Pursuant to the MSLSA, the arbitration was to be completed within 120 days after

the date of submission to the AAA, and an award rendered within 20 days of the completion of

the arbitration.  App. 6-36, MSLSA at 27, §§ 9.3(d)-(e).  The ROPHSO memorialized the

parties' agreement to modify the time limits for the completion of the arbitration and for the

rendering of an award, and attached an agreed schedule as an attachment to the ROPHSO.  App.

41-54, ROPHSO at Schedule 1.[1]

19.     As memorialized in the ROPHSO, the parties confirmed that neither had any

objection and thereby consented to (i) the jurisdiction and the administration of the arbitration by

the AAA, (ii) the appointment of the Arbitrator, (iii) the application of the AAA Commercial

Rules and its procedures for Large and Complex Cases, and (iv) the application of New York

State internal law and the FAA.  App. 41-54, ROPHSO at p. 42.

20.     After the ROPHSO was issued, the parties exchanged documents, propounded

and responded to interrogatories, and conducted depositions of 19 lay witnesses.  App. 1-5, Veith

Decl., ¶ 14.  Kemper designated two expert witnesses and CSC designated three, each of whom

---

[1] The parties later agreed to additional modifications to the schedule, which were approved by the Arbitrator. *See* Veith Decl., App. 55-73.  The parties also agreed to conduct the arbitration in Dallas, Texas, also with the Arbitrator's approval. *Id.*, App. 74-79.

issued reports and was deposed. *Id.*, ¶ 15.

21.    On March 17, 2017, the parties engaged in a second mediation that did not result in a resolution of the dispute. *Id.*, ¶ 16.

22.    On March 20, 2017, the parties submitted pre-hearing briefs to the Arbitrator. *Id.*, ¶ 17. The Arbitrator presided over a 10-day evidentiary hearing in Dallas, Texas, between April 13, 2017 and April 26, 2017, in which he heard testimony from 18 live witnesses, nine deposition witnesses (all but one by video), and received approximately 620 exhibits in evidence. *Id.*, ¶ 19. After the evidentiary hearing concluded, the parties each submitted two post-hearing briefs (on June 9, 2017 and June 30, 2017). *Id.*, ¶ 20. The Arbitrator heard closing arguments on August 28, 2017 in Chicago, Illinois. *Id.*, ¶ 21. On September 18, 2017, the parties made supplemental written submissions the Arbitrator had authorized at the closing arguments. *Id.*, ¶ 22.

23.    On September 19, 2017, the Arbitrator indicated his intention to issue an award on a partial basis on or before October 2, 2017. *Id.*, ¶ 23, App. 85-87. The Arbitrator stated that he would "retain[] jurisdiction to decide all issues relating to this proceeding pending the issuance of a Final Award." *Id.* Additionally, the Arbitrator stated that the hearing "will remain open until evidence with respect to a possible award of prejudgement [sic] interest and possible award of costs and expenses is presented on the record and the hearings are officially closed by the tribunal pursuant to AAA R-39." *Id.*

24.    In a 46-page Partial Final Award dated October 2, 2017, the Arbitrator determined that Kemper met its burden of proving the elements of its breach of contract claim against CSC, and awarded Kemper $84,296,581 in damages. App. 1-5, Veith Decl., ¶ 24, App. 88-136, Partial Final Award at 108, 133. On CSC's counterclaim, the Arbitrator found that CSC

was not entitled to recovery.  App. 88-136, Partial Final Award at pp. 132-33.

25.     The Arbitrator set an October 17, 2017 deadline for the submission of a

calculation of prejudgment interest and application for costs and expenses.  App. 88-136, Partial

Final Award at 46.

## THIS COURT SHOULD CONFIRM THE PARTIAL FINAL AWARD

26.     The FAA controls here.  For more than 30 years, the United States Supreme Court

has recognized that the FAA embodies "a liberal federal policy favoring arbitration agreements,

notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone*

*Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  Here, Kemper and CSC entered

into an arbitration agreement and a duly appointed Arbitrator appropriately entered an award.

27.     Under these circumstances, the confirmation of the Award is a routine matter.

Section 9 of the FAA provides that when, as here, an application for an order confirming an

arbitration award is made within one year after the award is made, "the court must grant such an

order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of

this title."  9 U.S.C. § 9.  There are no grounds to vacate, modify, or correct the Partial Final

Award.

28.     Accordingly, Kemper is entitled to have the Partial Final Award confirmed

pursuant to 9 U.S.C. § 9, and to have judgment entered on the Partial Final Award pursuant to 9

U.S.C. § 13.

## DXC AS THE SUCCESSOR TO CSC

29.     Kemper brings this motion against both CSC and DXC because CSC was a party

to the MSLSA and the arbitration, and DXC is the successor to CSC and the "legal acquirer and

reporting entity" following the merger with CSC.  On March 31, 2017, CSC entered into several

agreements with DXC and Hewlett Packard Enterprise Company setting forth and governing the

merger of CSC with a wholly owned subsidiary of DXC. *See* App. 137-144, at 138, CSC's Form

8-K filed with the Securities and Exchange Commission ("SEC") on March 31. On April 1,

2017, the merger was completed and CSC became a wholly owned subsidiary of DXC. *See* App.

145-150 at 148, DXC's Form 10-Q filed with the SEC on August 9, 2017. Following the

completion of the merger, DXC was the "legal acquirer and the reporting entity," and became a

separate publicly traded company. *Id.*

30.     In connection with the merger, CSC's president and CEO, Mike Lawrie, became

the chairman, president, and CEO of DXC. *Id.* CSC's executive vice president and general

counsel, Bill Deckelman, assumed those same roles with DXC. Mr. Deckelman participated in

this Arbitration by attending (1) a mediation between the parties in March 2017, prior to the

merger; (2) a portion of the Arbitration hearing in April 2017, after the merger; and (3) the

closing argument in the Arbitration in August 2017, also after the merger. App. 1-5, Veith Decl.,

¶¶ 16, 19, 21.

31.     On April 5, 2017, shortly after the merger, CSC's counsel advised the Arbitrator

and counsel for Kemper that "CSC combined with the former HP Services business to form a

new company named DXC." *See* App. 1-5, Veith Decl., ¶ 18; App. 80-84. CSC also stated in a

footnote in its June 9, 2017 post-hearing brief that it had "recently changed its name to 'DXC.'"

App. 1-5, Veith Decl., ¶ 20. And the most recent quarterly report DXC filed with the SEC

describes the arbitration between Kemper and CSC and states, "[t]he Company [defined as

DXC]…intends to continue to vigorously defend itself." App. 149.

32.     The MSLSA is "binding upon…each of the parties and their successors." *See*

App. 6-36, MSLSA at 30, § 11.8. In a recently filed Form 8-K, DXC describes itself as the

"successor" to CSC. *See* App. 151-153 at 152, DXC Form 8-K filed with the SEC on October 2,

2017. Thus, DXC is the successor to CSC regarding its obligations under the MSLSA.
Accordingly, Kemper brings this motion to confirm seeking entry of a judgment against both
CSC and DXC.

## TIMING OF MOTION TO CONFIRM

33.     This Motion to Confirm is not premature.  Only a "final" arbitration award is
subject to confirmation under the FAA. *McGregor Van De Moere, Inc. v. Paychex, Inc.*, 927 F.
Supp. 616, 618 (W.D.N.Y. 1996).  But for an award to be "final," it need not be the last award an
arbitrator will issue.  Instead, courts have found that an interim award is "final" for the purposes
of the FAA if it resolves a discrete issue or if the parties have agreed to bifurcate the arbitration.
*See e.g. Universitas Educ., LLC v. Nova Grp., Inc.*, 2012 WL 2045942, at *1 (S.D.N.Y. June 5,
2012) (finding award to be final where it resolved a discrete issue and parties had agreed to
bifurcate arbitration), *aff'd*, 513 F. App'x 62 (2d Cir. 2013).  And significantly, courts have
found that an arbitration award that resolves all issues of liability, but not all issues of damages,
can be "final" for the purposes of the FAA.  *See e.g. Providence Journal Co. v. Providence
Newspaper Guild*, 271 F.3d 16, 20 (1st Cir. 2001) (confirming award that resolved liability but
not damages where parties had informally agreed to bifurcate arbitration awards); *Crawford
Grp., Inc. v. Holekamp*, 2007 WL 844819, at *3–5 (E.D. Mo. Mar. 19, 2007) (treating as final an
award that was the "final determination on the merits with respect to the most significant issues,"
but not all issues relating to remedies) (citation omitted); *Andrea Doreen, Ltd. v. Bldg. Material
Local Union 282*, 250 F. Supp. 2d 107, 112–13 (E.D.N.Y. 2003) (confirming award that resolved
liability but not remedies because the parties agreed to bifurcate and the award represented the
"final decision as to part of the dispute").

34.     The Partial Final Award is final because it is the Arbitrator's final pronouncement
on the issues of liability and the principal amount of damages, and because the parties have

agreed to bifurcate those issues from separate issues still to be addressed.  Specifically, as reflected in the Arbitrator's email of September 19, 2017, the parties agreed that the Arbitrator would issue a partial award, expressly leaving the hearing open to address any possible award of prejudgment interest and costs (including attorneys' fees). *See* App. 1-5, Veith Decl., ¶ 23,  App. 85-87. Thus, the issues of liability and principal damages have been effectively bifurcated from the issues of prejudgment interest and costs.

35.     Kemper has no obligation to delay moving to confirm that portion of the award that is final.  And Kemper does not need to provide CSC with the opportunity to comply with the award before Kemper moves to confirm. *See Apache Bohai Corp., LDC v. Texaco China B.V.,* 2005 WL 6112664, at *7 (S.D. Tex. Feb. 28, 2005) (confirming award where motion to confirm was submitted before compliance with award was due); *Zeiler v. Deitsch,* 500 F.3d 157, 169 (2d Cir. 2007) ("At the confirmation stage, the court is not required to consider the subsequent question of compliance.").  This is because a motion to confirm an award, which simply seeks to make the award binding in court, is distinct from a motion to enforce the award, which is based on a party's failure to comply. *See Local 30, Int'l Union of Operating Eng'rs, AFL-CIO v. Wood Grp. Power Operations LLC,* 2014 WL 4199372, at *5 (E.D.N.Y. Aug. 22, 2014) ("Because Petitioner seeks only confirmation, and not enforcement, the issue of compliance should be addressed if Petitioner seeks to enforce the court order. …Respondent may very well be in compliance with the arbitration award, but that alleged compliance is not material to the confirmation decision.").

36.     In the event that Court does not act on this Motion before the Arbitrator issues his Final Award, Kemper will seek leave to amend its Motion to seek confirmation of the Final Award.

## **RELIEF REQUESTED**

WHEREFORE, Kemper respectfully asks that the Court enter an Order:

(a)  confirming the Partial Final Award, as reflected in the Arbitrator's Partial Final Award dated October 2, 2017;

(b)  entering judgment on the confirmed Partial Final Award in favor of Kemper and against CSC and DXC, as CSC's successor, in the amount of $84,296,581;

(c)  requiring CSC and DXC, as CSC's successor, to pay post-judgment interest at the New York statutory rate of 9% from the date of the order through the date the judgment is fully satisfied; and

(d)  granting Kemper such other and further relief as the Court may deem proper.

Dated: October 10, 2017

Respectfully Submitted,

/s/ Penny P. Reid
Penny P. Reid
State Bar No. 15402570
pried@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400

Paul E. Veith (*pro hac vice* motion forthcoming)
pveith@sidley.com
Chris K. Meyer (*pro hac vice* motion forthcoming)
cmeyer@sidley.com
Christopher Y. Lee (*pro hac vice* motion forthcoming)
chris.lee@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
***Attorneys for Kemper Corporate Services, Inc.***.

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2017, I sent the foregoing Motion to File Materials Under Seal to the following individuals:

By email and messenger:

David Pace (dpace@sumnerschick.com)
David Schick (dschick@sumnerschick.com)
**SUMNER SCHICK & PACE LLP**
3811 Turtle Creek Blvd., Suite 600
Dallas, Texas 75219
Telephone: (214) 965-9229
Facsimile: (214) 965-9215
*Attorneys for Computer Sciences Corporation*

By messenger:

Bill Deckelman
Executive Vice President, General Counsel and Secretary
**DXC TECHNOLOGY**
1775 Tysons Boulevard
Tysons, Virginia 22102

   /s/ Penny P. Reid   
Penny P. Reid

## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| KEMPER CORPORATE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| COMPUTER SCIENCES CORPORATION and | ) | |
| DXC TECHNOLOGY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## **PROPOSED ORDER**

Upon consideration of Plaintiff's Motion to Confirm Arbitration Award and the accompanying exhibits thereto, it is hereby ORDERED that the motion is GRANTED.

SO ORDERED.

Dated:  October _____, 2017

_____
UNITED STATES DISTRICT JUDGE